IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| "U.S. BOUNTY #1014, F.B.I." MR. JEROME JULIUS BROWN, SR. | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. L-10-3349 |
| DISTRICT COURT OF MARYLAND #5 JUDGE PATRICIA E. LEWIS CHIEF JUDGE BEN CLYBURN THE ATTORNEY GENERAL OF THE STATE OF MARYLAND DOUGLAS F. GANSLER | * * * | |
| Respondents | * | |

***

## **MEMORANDUM OPINION**

On November 29, 2010, the Court received a 28 U.S.C. § 2254 Petition for habeas corpus relief from Jerome Julius Brown ("Brown"). ECF No. 1. The Petition seemingly raises due process challenges to Brown's arrest, bail review, and commitment to the Maryland Department of Health and Mental Hygiene ("DHMH").[1]

---

[1] On June 29, 2010, a statement of charges was filed by Prince George's County Police alleging that Brown was found to be in possession of a vehicle that had been reported stolen by the Charles County Sheriff's Office. See Brown v. Prince George's County Dep't of Corrections, Civil Action No. L-10-2193 at Attachments. On June 29, 2010, Prince George's County Commissioner Susan Mason set the bail amount and determined that Brown should not be released on his personal recognizance. Id.
   As of the filing of this action Brown is confined at the Springfield State Hospital Center in Sykesville, Maryland. The state criminal docket shows that the criminal case at issue has been placed on the inactive docket due to his incompetency. See State v. Brown, Case Number 6E00318051 (District Court for Prince George's County).

1

I. Background

Brown has filed approximately 96 cases with the Court and is subject to pre-filing restrictions under In re: Jerome J. Brown, Misc. No. 04-465 (D. Md.).[2] His previous actions in the Court generally consist of rambling memoranda and indecipherable attachments. This case is no different.

II. Standard of Review

While pro se actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[3] See Beaudett v. City of Hampton, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. See Fed. R. Civ. P. 8(a). Each "averment of a pleading shall be simple, concise, and direct," See Fed. R. Civ. P. 8(e)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." See Conley v. Gibson, 355 U.S. 41, 48 (1957).

III. Analysis

---

[2] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the Court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the Court, and directs how the Court is to handle/return the papers.

[3] A federal court does not act as an advocate for a pro se claimant. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1996); Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Insofar as Brown is seeking federal court review of and intervention into his pending auto theft charges and DHMH commitment, his action shall be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and shall be dismissed. Unless extraordinary circumstances are present, a federal court must not interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971). Pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. See Dickerson v. Louisiana, 816 F.2d 220, 226-29 (5th Cir. 1987). Brown has failed to show that he exhausted his state court remedies.

IV. Conclusion

For the aforementioned reasons, the action is hereby dismissed. A separate Order follows.

Dated this 7th day of December 2010.

/s/
_____
Benson Everett Legg
United States District Judge